UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IVAN L. BROOKS, | ) | CASE NO. 1:22-cv-1242 |
| Petitioner, | ) ) ) | JUDGE BRIDGET M. BRENNAN |
| v. | ) ) | |
| LORAIN COUNTY SHERIFF DEPARTMENT, *et al.*, | ) ) ) | **MEMORANDUM OPINION AND ORDER** |
| Respondents. | ) | |

*Pro se* petitioner Ivan L. Brooks filed this petition for a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. No. 1). For the following reasons, the Court dismisses this action.

**I.  Background**

Brooks is presently incarcerated at the Lorain County Jail awaiting trial in the Lorain County Court of Common Pleas (Case No. 19CR100471) on charges of having weapons under disability in violation of Ohio Rev. Code §§ 2923.13(A)(2) and (3). (*See* Doc. No. 1 at 1). In this petition, Brooks alleges that he has been subjected to excessive bail, unlawful detention, and a violation of "constitutional rights," including due process and equal protection. (*See* Doc. No. 1-1). He asks this Court to reduce his bond.

**II.  Standard of Review**

Promptly after the filing of a habeas corpus petition, a federal district court must undertake a preliminary review of the petition to determine "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in the district court. Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 (applicable to § 2241

petitions pursuant to Rule 1(b)). If so, the petition must be summarily dismissed. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (the district court has a duty to "screen out" habeas corpus petitions that lack merit on their face). No response is necessary where a petition is frivolous, obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response. *Id.* The principle of liberal construction generally afforded *pro se* pleadings applies to habeas petitions. *See Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001).

### III. Analysis

A petitioner who has been tried and convicted, and who therefore is "in custody pursuant to the judgment of a State court," must challenge his conviction or sentence under 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973). A pretrial detainee being held at the county jail, however, is not in custody pursuant to the judgment of a State court but is instead in custody pursuant to an indictment and, therefore, may pursue habeas corpus relief under Section 2241. *See Smith v. Coleman*, 521 F. App'x 444, 447 (6th Cir. 2013). Because Petitioner is in custody awaiting trial, the Court construes his petition as one asserted under 28 U.S.C. § 2241.

Under 28 U.S.C. § 2241(c)(3), federal courts may grant habeas relief on claims by a State pretrial detainee if he is in custody in violation of the Constitution or laws or treaties of the United States. *Phillips v. Court of Common Pleas*, 668 F.3d 804, 809 (6th Cir. 2012). Although relief under Section 2241 is available, principles of comity and federalism dictate that the federal courts should abstain from interfering with State court criminal proceedings unless "special circumstances" are present and the petitioner has given the State courts the opportunity to address his federal constitutional issues by exhausting his State court remedies. *Braden v. 30th*

*Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 489, 93 S. Ct. 1123, 35 L. Ed. 2d 443 (1973); *Phillips*, 668 F.3d at 810 n.4 (quoting *United States ex rel. Scranton v. New York*, 532 F.2d 292, 294 (2d Cir. 1976)). If the issues raised in the petition may be resolved either by trial on the merits in the State courts or by other State procedures available to the petitioner, Section 2241 relief should not be granted. *Atkins v. Michigan*, 644 F.2d 543, 546 (6th Cir. 1981).

Here, Petitioner has not exhausted his State court remedies, and he does not present a "special circumstance" justifying federal court intervention at the pre-trial stage. Accordingly, the petition is premature and must be dismissed.

## IV. Conclusion

For the foregoing reasons, the Court DENIES the petition for a writ of habeas corpus under 28 U.S.C. § 2241 and DISMISSES this action pursuant to 28 U.S.C. § 2243. The Court certifies, under 28 U.S.C. § 1915(a)(3), that an appeal could not be taken in good faith.

**IT IS SO ORDERED.**

Date: October 6, 2022

_____
BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE